UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

In Re:                                                          Case No. 17-04127

CHERRY GROWERS, INC.                                            Chapter 11; Filed 8/31/17

      Debtor.                                                   Hon. _____
_____/

**DEBTOR'S MOTION PURSUANT TO 11 U.S.C. 363(b)**
**FOR ORDER PROHIBITING UTILITY COMPANIES FROM ALTERING,**
**REFUSING OR DISCONTINUING SERVICE TO DEBTOR AND APPROVE**
**DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT AND PROPOSE**
**PROCEDURES FOR RESOLVING DISPUTE REGARDING CONTINUED**
**UTILITY SERVICE**

NOW COMES the Debtor and Debtor-in-Possession, Cherry Growers, Inc. ("Debtor"), by and through its attorneys, Dunn, Schouten & Snoap, P.C., and moves this Honorable Court for entry of an Order pursuant to 11 U.S.C. 363(b) prohibiting utility companies from altering, refusing or discontinuing services to Debtor and approve the Debtor's proposed adequate assurance of payment and procedure for resolving disputes ("Utility Motion"), and in support, states as follows:

1.      The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 31, 2017 ("Petition Date") and has retained possession of its assets and continued its business operations pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.      The Debtor was founded in 1939 and is a grower owned cooperative which processes apples and cherries to produce a wide variety of products.

3.      The Debtor utilizes electricity, natural gas, telephone, internet and other similar services ("Utility Services") from various utility companies. A list of the utility companies is attached

1

hereto as **Exhibit A**.

4.    The continued utility services are needed for the Debtor's ongoing business operations in this case and the success of this Chapter 11 case.

5.    If any utility company alters, refuses or discontinues its Utility Services to the Debtor, the Debtor's operation would be severely disrupted.   Thus it is critical and essential and necessary that the Debtor continue to receive the Utility Services.   The Debtor and bankruptcy estate would suffer immediate and irreparable harm if Utility Service is altered, refused or discontinued.

6.    The average monthly payment that the Debtor makes to the utility companies listed are set forth on the attached **Exhibit A** ("Utility Services List").

7.    Certain utility companies hold deposits as set forth on attached **Exhibit A.**

8.    The Debtor proposes to pay the utility company any pre-petition obligations owed as of the Petition Date in a timely manner from cash generated in the ordinary course of the Debtor's business.   The Debtor asserts that this assurance is adequate assurance for payment as required by 11 U.S.C. 363(b) to prohibit the utility companies from altering, refusing or discontinuing service to the Debtor during the course of this Chapter 11 case.   In addition, the Debtor proposes that the utility companies retain the security deposits currently held as set forth on the attached **Exhibit A** as further adequate assurance of payment.

9.    In addition, that if any utility company seeks additional adequate assurance, the Debtor proposes the following procedure for handling such request for additional assurance of payment:

    a.    The utility company may propose a different adequate assurance of payment by providing said proposal to Debtor's counsel, Attention Perry G. Pastula, at Dunn, Schouten & Snoap, P.C., 2745 DeHoop Avenue, S.W., Wyoming, Michigan 49509.   The

email address is ppastula@dunnsslaw.com.

   b.  The request for additional adequate assurance of payment must be made as follows:

     (I)  Be made in writing;

     (ii)  Identify the location for which the utility service is provided and the associated account number;

     (iii)  Include a payment history of the Debtor's account for which additional adequate assurance of payment is requested;

     (iv)  Identify any security deposits or other existing protections being afforded the utility company;

     (v)  Explain why the utility company believes the Debtor's adequate assurance of payment is not sufficient.

   ©  The Debtor is authorized to resolve any request for additional adequate assurance of payment by mutual agreement with the utility company and without further order of the Court and in connection with any such agreement, may in its sole discretion provide the utility company with alternative adequate assurance of payment, including cash deposits, pre-payments or other forms of security, without further order of the Court, if the Debtor concludes that the additional adequate assurance of payment is reasonable.

   (d)  If the Debtor is unable to consensually resolve a request for additional adequate assurance of payment by mutual agreement within 30 days of receipt of the request for additional adequate assurance of payment, the Debtor will seek a hearing with the Court to determine the appropriate amount and other terms of adequate assurance required with

3

respect to the request for additional adequate assurance of payment.  Pending resolution of the dispute and until a hearing is held on the determination of the appropriate adequate assurance of payment, the utility company shall be prohibited from altering, refusing or discontinuing services to the Debtor on account of any unpaid charges for pre-petition services or on account of any objection to the Debtor's offer of adequate assurance of payment.

(e)     The utility companies may not require additional adequate assurance of payment except as specified in the Bankruptcy Court's Order relating to the adequate assurance of payment for utility service.

(f)     Any utility companies that do not file an objection to the Order relating to the Utility Motion are deemed to have received satisfactory adequate assurance of payment in compliance with 11 U.S.C. 366 and are forbidden from altering, refusing or discontinuing services to the Debtor on account of any unpaid pre-petition charges.

10.     The Debtor is authorized in its sole discretion to add or remove parties from the Utility Services List.   If any utility company that is subsequently added to the Utility Services List, the Debtor will serve such utility company with a copy of the Court's Order regarding Utility Services, including the adequate assurance procedures.

11.     The relief granted will apply to all utility companies providing utility services to the Debtor and is not limited to those listed on the Utility Services List.  The Order regarding adequate assurance of payment is binding on utility companies listed on any amended Utility Services List filed with the Court as of the date of the service of the notice of the amended Utility Services List.

12.     Nothing contained in the Utility Motion or the Order regarding adequate assurance

of payment shall constitute admission that the entity listed on the Utility Services List or upon which the Motion and Order is served is a "utility" within the meaning of 11 U.S.C. 366.

13.     The Debtor, within five days after entry of an Order granting the Utility Motion, shall serve a copy of the Order granting the Utility Motion to the utility companies on the Utility Services List.

14.     If the Debtor identifies additional utility companies or terminates the services of any existing utility company, the Debtor will modify the Utility Services list.  For any utility company subsequently added to the Utility Services List, the Debtor will serve the utility company with a copy of the Court's Order granting the Utility Motion.  The Debtor requests that the terms of any Order granting adequate assurance of payment apply to any subsequently identified utility company.

15.     This Utility Motion may be granted on an expedited basis to avoid immediate and irreparable harm in accordance with Bankruptcy Rule 6003.

16.     This Court may waive the 14-day automatic stay of the effect and enforceability of the adequate assurance Order.   Grounds for waiving the 14-day stay are supported by the need for the Debtor's continued Utility Services in order to continue its operations and preserve the value of the Debtor's assets, including the going concern value of the Debtor and the bankruptcy estate.

17.     This Utility Motion is not intended to constitute an assumption of any agreement under 11 U.S.C. 365 of any executory contract that may exist between the Debtor and a utility company.

18.     The Debtor will provide notice of this Utility Motion and the Notice of Hearing to the United States Trustee, the Debtor's secured creditors and their counsel, the 20 largest unsecured non-insider creditors and the utility companies identified in **Exhibit A** and any subsequently identified

utility company.

WHEREFORE, the Debtor prays that the Court grant the following relief:

A.      Grant the Utility Motion;

B.      Enter the Order in the form attached as **Exhibit B**;

C.      Grant such other and further relief that the Court deems just and proper.

Respectfully Submitted,

DUNN, SCHOUTEN & SNOAP, P.C.


Dated:   August 31, 2017              By:       /s/ Perry G. Pastula
                                            Thomas W. Schouten (P23060)
                                            Perry G. Pastula (P35588)
                                            Attorney for Debtor
                                            **Business Address and Telephone:**
                                            2745 DeHoop Ave. SW
                                            Wyoming, MI 49509
                                            (616) 538-6380