UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| In Re: | Case No. 17-17-04127 |
| CHERRY GROWERS, INC. | Chapter 11; Filed 8/31/17 |
| Debtor. | Hon. _____ |
| _____/ | |

### CORRECTED DEBTOR'S EX PARTE MOTION FOR EMERGENCY HEARING ON FIRST DAY MOTIONS

NOW COMES the Debtor and Debtor-in-Possession, Cherry Growers, Inc. ("Debtor"), by and through its attorneys, Dunn, Schouten & Snoap, P.C., and for its Corrected Debtor's Ex Parte Motion for Emergency Hearing on First Day Motions to correct the erroneous case number used in the original Motion for Ex Parte Motion for Emergency Hearing on First Day Motions moves this Honorable Court pursuant to Bankruptcy Rule of Procedure 9006© and 9007 for entry of an Order reducing the time for notice of hearing on the motions set forth below and in support states as follows:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 31, 2017 ("Petition Date") and has retained possession of its assets and continued its business operations pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor was founded in 1939 and is a grower owned cooperative which processes apples and cherries to produce a wide variety of products.

3. The Debtor has approximately 85 employees and it generates revenues in excess of $7 million annually.

1

4. The Debtor has filed contemporaneously with this Motion the following motions:

(a) *Debtor's Motion for Order Authorizing Payment of Pre-Petition Wages and Salaries and Pre-Petition Employee Benefits and Related Obligations*;

(b) *Debtor's Motion Pursuant to 11 U.S.C. 363(b) for Order Prohibiting Utility Companies from Altering, Refusing or Discontinuing Service to Debtor and Approve Debtor's Adequate Assurance of Payment and Propose Procedures for Resolving Dispute Regarding Continued Utility Service;*

5. The foregoing are collectively referred to as the "First Day Motions."

6. As set forth in the First Day Motions, immediate and irreparable harm may be suffered by the Debtor and the bankruptcy estate if the relief requested in the First Day Motions is not promptly granted.

7. Bankruptcy Rule of Procedure 9006© permits the Court, for cause shown in its discretion, with or without motion or notice, order that the period for notice of a motion be reduced.

8. There is cause shown and this Court should exercise its discretion to reduce the time for giving notice of the hearings on the First Day Motions to 3 days.

9. Pursuant to Bankruptcy Rule of Procedure 9007, this Court has authority to designate the time within which, the entities to whom and the form and manner in which such notice shall be given of the First Day Motions.

WHEREFORE, the Debtor prays that this Court grant the following relief:

A. Grant this Motion reducing the time for giving notice of hearing on the First Day Motions to 3 days;

B. Enter the proposed Order attached hereto as Exhibit A scheduling the hearings on the First Day Motions.

C. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

DUNN, SCHOUTEN & SNOAP, P.C.

Dated: August 31, 2017 By: /s/ Perry G. Pastula
Thomas W. Schouten (P23060)
Perry G. Pastula (P35588)
Attorney for Debtor
**Business Address and Telephone:**
2745 DeHoop Ave. SW
Wyoming, MI 49509
(616) 538-6380

3