UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| In Re: | Case No. 17-04127 |
| CHERRY GROWERS, INC. | Chapter 11; Filed: 8/31/17 |
| Debtor. | Hon. Scott W. Dales |

_____/

### DEBTOR'S MOTION FOR ORDER APPROVING PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") CLAIMS PROCEDURE

NOW COMES the Debtor, by and through its attorneys, Dunn, Schouten & Snoap, and moves this Honorable Court for entry of an Order approving the procedure for filing and allowance of claims under the Perishable Agricultural Commodities Act ("PACA"), and in support states as follows:

1. The Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on August 31, 2017 (the "Petition Date") and has retained possession of its assets and continued its business operations as Debtor-in-Possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

2. The Debtor was founded in 1939 and is a grower owned cooperative which processes apples and cherries to produce a wide variety of products.

3. The Debtor has approximately 85 employees and generates revenue in excess of $7 million annually.

4. The Debtor's current source of revenues is from rental income and revenue generated under a New Market Tax Credit arrangement and from co-manufacturing and processing products for its customers.

1

5.  Historically the Debtor purchased apples and cherries which it then processed to produce inventory for itself and resale.

6.  The Debtor's creditors include creditors from whom the Debtor purchased apples, cherries, and other perishable agricultural commodities.

7.  The Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. 499(a) *et seq.* ("PACA") provides various protections to fresh fruit and vegetable sellers. PACA generally defines perishable agricultural commodities as fresh fruits and vegetables of every kind and character. PACA provides protections to fresh fruit and vegetable sellers including the establishment of a statutory trust ("PACA Trust") consisting of a buyer's entire inventory of food or other derivatives of perishable agricultural commodities, the products derived therefrom, and the proceeds related to any sale of the commodities or products (collectively the "PACA Trust Assets"). See 7 U.S.C. 499(e)(c)(2). PACA Trust Assets are preserved as a non-segregated voting trust and may be co-mingled with non-trust assets. PACA Trust Assets are not property of the Debtor's bankruptcy estate.

8.  Certain of the Debtor's creditors (collectively the "PACA Claimants") may be eligible to assert claims under PACA (the "PACA Claims"). The PACA Claims may be asserted against the PACA Trust Assets.

9   The Debtor estimates that as of the Petition Date, approximately $784,000 are potential PACA Claims. In addition, the Debtor's creditors include growers who may have PACA claims. The PACA Trust assets are not applicable to transactions between the Debtor as a cooperative association and its members.

10.  PACA requires that the seller of perishable agricultural commodities take certain

steps to preserve its rights as a trust beneficiary.  To preserve the protection of the PACA Trust, the Trust beneficiary must provide written notice (a "PACA Notice") to the buyer of such goods of its intent to preserve the benefits of the PACA Trust.  In order to facilitate the resolution of PACA Claims, the Debtor proposes the following procedure:

    a.    <u>PACA Notices.</u>   Any PACA Claimant seeking the protection of a PACA Trust must have previously delivered a valid and timely PACA Notice to the Debtor in accordance with the statutory guidelines set forth in 7 U.S.C. 499(e)(c)(3) - (4).

    b.    <u>Notice of the PACA Order.</u>   The Debtor will send a copy of the order approving this motion (the "PACA Claims Order") by first class mail to all persons or entities who have delivered a valid and timely PACA Notice (or a document that purports to be a valid and timely PACA Notice) to the Debtor.

    c.    <u>Proof of PACA Claim.</u>   Any PACA Claimant seeking the protection of the PACA Trust must file with this court and serve Debtor's counsel, Perry G. Pastula, Dunn, Schouten & Snoap, 2745 DeHoop Ave. SW, Wyoming, MI 49509, a written proof of PACA claim in the form attached hereto as **Exhibit A** and include with the PACA proof of claim supporting documents reflecting the date of sale, amount of sale, proof of delivery, and proof of the valid and timely PACA Notice previously delivered to the Debtor to support the proof of PACA Claim.  The Debtor proposes that any proof of PACA Claim must be filed with this Court and sent to the Debtor's attorney on or before December 15, 2017 ("PACA Claims Bar Date").  The PACA order will require Debtor's attorney to serve a copy of the PACA Claims Order at least 35 days prior to the PACA Claims Bar Date . This will give PACA Claimants more than 30 days to file their proof of PACA Claim.

      d.      <u>PACA Claim Bar.</u>  Any PACA Claimant that fails to timely file a proof of PACA Claim will be forever barred from asserting a PACA Claim against any PACA Trust Assets or assets of the Debtor, bankruptcy estate, or in this bankruptcy case other than as a general unsecured nonpriority creditor.

      e.      <u>Objections to PACA Claims.</u>  The Debtor, Official Unsecured Creditors Committee, and any other party in interest shall have the right to object to any proof of PACA Claim.  The Debtor proposes that this Court retain the exclusive jurisdiction to resolve the validity and allowance of any PACA Claim and determine the PACA Trust Assets that are subject to any valid PACA Claim.

WHEREFORE, the Debtor prays this Court issue the Order granting this Motion attached hereto as **Exhibit B**, and that the Court grant such other and further relief it deems just and proper.

      Respectfully Submitted,

      DUNN, SCHOUTEN & SNOAP, P.C.

Dated:   October 16, 2017      By:   /s/ Perry G. Pastula
      Thomas W. Schouten (P23060)
      Perry G. Pastula (P35588)
      Attorneys for Debtor
      **Business Address and Telephone:**
      2745 DeHoop Ave. SW
      Wyoming, MI 49509
      (616) 538-6380